## French v. Wingate.

To satisfy the requisitions of chapter 199, section 5, of the Revised Statutes, it is not sufficient that the debtor remain at the gaol during the hours prescribed, if he do not in some manner indicate that he is there for the purpose of enabling the gaoler to commit him upon the execution.

DEBT. The action was submitted by the parties, who agreed that if the evidence was sufficient to prove that John L. Leach, the principal upon the bond in suit, did surrender himself up to the keeper of the jail at Amherst, and did remain at said jail from twelve o'clock at noon until three o'clock in the afternoon, in such a manner that the sureties on his bond were thereby discharged under the provisions of the Revised Statutes, chapter 199, judgment should be rendered for the defendant Wingate, for his costs; otherwise, for the plaintiff, for $97.88 and costs.

It appeared from the deposition of Leach, to whom a release had been given by the defendant, for the purpose of rendering him competent to testify, that on the 16th day of January, which was the proper day for delivering himself up according to the provisions of the law, he repaired to the jail a short time before twelve o'clock, and remained there until three o'clock in the afternoon. He testified further as follows: "When I first got to the house, I inquired for Mr. Dane, the jailer. Mrs. Dane said that he had gone to Nashua. I then inquired if there was a precept there, naming the parties, and she replied that there was none that she knew of.

Question by the plaintiff. Did you tell your name to Mrs. Dane?

A. I told her the names of the parties; I do n't recollect as I was any more explicit than that. The parties to the precept were Otis French, of Gilmanton, and John L. Leach, of Weare.

French *v.* Wingate.

Q. by the same. Did you tell her you were the John L. Leach named in the precept?

A. When I told her the names of the parties to the precept, I said to Mrs. Dane, I suppose that I am one concerned. I do n't know that I told her that I was the John L. Leach mentioned in the precept, in any other way.

Q. Did you tell her at all that your name was Leach, or whether you were plaintiff or defendant in that precept?

A. I do n't know that I told her in any other way than I have before stated."

It further appeared that Dane was the keeper of the gaol, and was in the habit of leaving the care of it with his wife, in his absence from home; that she was accustomed to request all persons who called on business to leave their names and business in writing, which she always gave her husband immediately on his return. A number of individuals called during her husband's absence, to deliver themselves up to be arrested on execution. In such cases she always requested them to give her their names in writing, and the names of the parties to the execution, unless they did so without being so requested. She had no recollection of such a person as Leach delivering himself up on execution.

It appeared that Dane kept a memorandum of persons who called for such purpose, either while he was at home, or whose names were given him by his wife, as having called during his absence; and that his book contained no such name as Leach.

*Pierce & Fowler*, for the defendant.

*W. Butterfield*, for the plaintiff.

Woods, J. The condition of the bond required of

Leach two things to be performed on the day next after the expiration of the year from the arrest: To surrender himself up to the keeper of the gaol, and to remain at the gaol from noon until three o'clock in the afternoon. The latter there is evidence that he did. Did he surrender himself up to the keeper?

This act, it is plain, the statute intends shall be performed at the gaol. He shall surrender himself up to the keeper of the gaol, and remain at the gaol from twelve o'clock till three. This phraseology imports that the surrender is to be made at the gaol; and it is not to be presumed that the discharge of the condition of the bond should have been made to depend upon the performance of an act which the absence of the gaoler might render difficult or impossible.

The party did not attempt to surrender himself. He did not make known his name, or the purpose for which he was there. He did no act at the gaol which could have enabled the gaoler, if he had been there with the precept, to execute it. He said that he was a party concerned in the execution, but he did not say which party.

The requisition of the statute is clearly more than that. The party is required to surrender himself up. The meaning of that is, that he should do that which would enable the sheriff, if present, or any other person having authority to do so, to arrest and commit him on the precept. His mere presence is not sufficient for that purpose. It must be attended with such acts or expressions as clearly to denote that he is there for the purpose of becoming a prisoner in execution, if the gaoler elect to receive him as such. All this is implied by the statute in the term "surrender;" or the word might have been wholly omitted.

According to the agreement of the parties, therefore, there must be

*Judgment for the plaintiff.*